# UNITED STATES DISTRICT COURT
## for the
## Southern District of Indiana

1:23-cv-1762-JRS-TAB

Plaintiff:
Tiarra Thomas              )
4128 Edgemere Court Apt D2 )
Indianapolis, IN 46205     )
clazze10@gmail.com         )
Tenant ID: 000457625       )

Defendant:
MILLENNIA HOUSING MANAGEMENT LTD  )
Hubbard Gardens IN TC LP          )
4004 Meadows Dr                   )
Indianapolis, IN 46205            )
(317) 542- 8116                   )
Landlord ID: 000553612            )

<div style="border:1px solid red">

**FILED**

**09/28/2023**

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

</div>

## COMPLAINT FOR DAMAGES

Plaintiff,
tiarra thomas, hereby files this Complaint for Damages against the Defendant, Hubbard Gardens, and alleges as follows:

## PARTIES

1. Plaintiff, Tiarra Thomas, is a living breathing woman residing at 4128 Edgemere Court Apt D2   Indianapolis, IN 46205, in Marion County, Indiana. The Plaintiff move in date is 01/24/2022.

2. Defendant, Hubbard Gardens, is a limited liability company that operates an apartment complex located at 4004 Meadows Dr.  Indianapolis, IN 46205, in Marion County, Indiana.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to Indiana Code § 33-28-3-1 and Indiana Code § 33-28-5-4.

4. Venue is proper in this Court because the Defendant's apartment complex is located in Marion County, Indiana, and the Plaintiff resides in the same county.

## UNIVERSAL CITATION: IN Code § 32-31-8-5 (2021)

2021 Indiana Code
Title 32. Property
Article 31. Landlord-Tenant Relations
Chapter 8. Landlord Obligations Under a Rental Agreement
32-31-8-5. Landlord Obligations

Sec. 5. A landlord shall do the following:

(1) Deliver the rental premises to a tenant in compliance with the rental agreement, and in a safe, clean, and habitable condition.

(2) Comply with all health and housing codes applicable to the rental premises.

(3) Make all reasonable efforts to keep common areas of a rental premises in a clean and proper condition.

(4) Provide and maintain the following items in a rental premises in good and safe working condition, if provided on the premises at the time the rental agreement is entered into:

(A) Electrical systems.

(B) Plumbing systems sufficient to accommodate a reasonable supply of hot and cold running water at all times.

(C) Sanitary systems.

(D) Heating, ventilating, and air conditioning systems. A heating system must be sufficient to adequately supply heat at all times.

(E) Elevators, if provided.

(F) Appliances supplied as an inducement to the rental agreement.

## UNIVERSAL CITATION: Indiana Code 22-11-18-3.5

2017 Indiana Code
TITLE 22. Labor and Safety
ARTICLE 11. BUILDING AND SAFETY REGULATIONS
CHAPTER 18. Smoke Detection Devices
22-11-18-3.5. Dwellings; installation of smoke detectors

IC 22-11-18-3.5 Dwellings; installation of smoke detectors

Sec. 3.5. (a) This section only applies to dwellings.

(b) A rule or an ordinance is not voided or limited by this section if the rule or ordinance:

(1) applies to an occupied dwelling; and

(2) is at least as stringent as the requirements of this section.

(c) A dwelling must have at least one (1) functional smoke detector installed as follows:

(1) According to the manufacturer's instructions.

(2) Outside of each sleeping area in the immediate vicinity of the bedrooms.

(3) On the ceiling or a wall not less than four (4) inches or more than twelve (12) inches from the ceiling. However, a smoke detector may not be recessed into a ceiling.

(4) On each additional story of the dwelling, including basements, cellars, and habitable attics. Unless there is a door between levels in dwellings with split levels, a smoke detector must be installed only on the upper level if the lower level is less than one (1) full story below the upper level.

(d) All smoke detectors must be:

(1) battery operated or hard wired into the dwelling's electrical system;

(2) accessible for servicing and testing; and

(3) maintained and at least one (1) time every six (6) months tested by the occupant to ensure that the smoke detector is in operational condition.

(e) Each owner or the manager or rental agent of the owner is responsible for:

(1) the installation of a required smoke detector; and

(2) the replacement and repair of a required smoke detector within seven (7) working days after the owner, manager, or rental agent is given written notification of the need to replace or repair the smoke detector.

(f) A person may not tamper with or remove a smoke detector except when necessary for maintenance purposes.

(g) A unit (as defined in IC 36-1-2-23) may adopt an ordinance concerning dwellings that:

(1) includes more stringent or detailed requirements than those set forth in this chapter; and

(2) does not conflict with this chapter.

## FACTUAL ALLEGATIONS

5. At all relevant times, the Plaintiff is a tenant of the Defendant's apartment complex.

6. During the summer of [2023], the Plaintiff repeatedly notified the Defendant that their apartment unit was without air with a child under the age of 18 living in the household.

7. The Plaintiff has notified the Public Health Department which the Defendant failed to fix the air conditioning system in the time requested. The Public Health Department has taken the Defendant to court. Cause Number for Case: 49D12-2306-OV-020366

8. The Plaintiff has notified the Defendant several times of the non-working smoke detectors in the unit.

9. The Plaintiff has notified the Defendant several times of the separation of the kitchen and bathroom sink leaks and hangs from the wall. The plaintiff has expressed this concern to the Defendant that the sink squirts out water in the unit.

10. The plaintiff has notified the Defendant several times of the gnat infestation in the unit. The Defendant has reached out to the Public Health Department with this concern.

11. Despite the several notifications, the Defendant failed to repair the air conditioning system in the Plaintiff's apartment unit leaving the Plaintiff without air for an extended period of time. The tenant is still without air. The Plaintiff is still without air. The Defendant failed to fix the bathroom sink. The Defendant failed to fix the smoke detectors. The defendant failed to investigate the gnat infestation.

12. As a result of the Defendant's failure to provide air to the Plaintiff's apartment unit, the Plaintiff suffered damages in the form of physical discomfort including poor sleep, nausea, dizziness, inconvenience, rent abatement, emotional distress, not being able to cook due to excessive heat in the unit, and additional expenses for alternative air conditioning sources while a dependent is in the household.

## COUNT I: BREACH OF IMPLIED WARRANTY OF HABITABILITY

13. The Plaintiff incorporates by reference the allegations set forth in paragraphs 5-12.

14. The Defendant, as a landlord, had an implied warranty of habitability to provide a safe, healthy, and habitable living environment for the Plaintiff.

15. The Defendant breached this implied warranty of habitability by failing to provide air to the Plaintiff's apartment unit during the summer months.

16. As a direct result of the Defendant's breach of the implied warranty of habitability, the Plaintiff suffered damages in the form of physical discomfort including poor sleep, nausea, dizziness, inconvenience, rent abatement, emotional distress, not being able to cook due to excessive heat in the unit, and additional expenses for alternative air conditioning sources while a dependent is in the household.

## COUNT II: NEGLIGENCE

17. The Plaintiff incorporates by reference the allegations set forth in paragraphs 5-12.

18. The Defendant had a duty to maintain the air conditioning system, fix the kitchen and bathroom sink, smoke detectors, and investigate the gnat infestation in the Plaintiff's apartment unit in a reasonably safe, timely and functional condition.

19. The Defendant breached this duty by failing to repair the air conditioning system fix the kitchen and bathroom sink, smoke detectors, and investigate the gnat infestation in the Plaintiff's apartment unit despite repeated notifications from the Plaintiff and from the Public Health Department.

20. As a direct result of the Defendant's negligence, the Plaintiff suffered damages in the form of physical discomfort including poor sleep, nausea, dizziness, inconvenience, rent abatement, emotional distress, not being able to cook due to excessive heat in the unit, and additional expenses for alternative air conditioning sources while a dependent is in the household.

## PRAYER FOR RELIEF

As a result of Hubbard Gardens breach of obligations as a landlord, The Plaintiff Tiarra Thomas respectfully seek the following relief from the court:

A. Enter judgment in favor of the Plaintiff and against the Defendant for all monetary damages in the amount of seventy-six thousand dollars ($76,000.00)

B. Award the Plaintiff her costs and expenses of this action, including reasonable attorneys' fees, under 15 U.S.C. § 1640(a);

C. Grant any other relief the Court deems necessary, just, and proper to be determined at trial;

D. Attorney's Fees and Costs: In accordance with Indiana Code § 32-31-8-6, I request that Hubbard Gardens be held responsible for the attorney's fees and court costs associated with this legal action.

STATE OF INDIANA
COUNTY OF MARION SS.

*Tiarra Thomas*
9-15-23

On _9 15_ 2023 , before me _Patricia A. Donahue_ Notary Public,

personally stood tiarra laShay thomas who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the living women, acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Indiana that the foregoing paragraph is true and correct.

Witness my hand official seal.

Signature _Patricia A. Donahue_ SEAL

PATRICIA A. DONAHUE
Notary Public, State of Indiana
Marion County
Commission Number 712309
My Commission Expires
April 9, 2026
SEAL